DAN LEE, Chief Justice,
dissenting:
¶ 13. The majority today cuts yet another support from under the reeling and badly wounded institution of the American family. Because I can not countenance this Court’s further contribution to the demise of the most basic building block of a responsible and free republic, I must respectfully dissent.
¶ 14. In Glaskox v. Glaskox this Court departed from the sage rule of law which provided for inter-familial immunity, and allowed children to sue their parents in automobile negligence eases. 614 So.2d 906 (Miss.1992). Lest any member of a family be excluded from the legal melee, this Court further extended Glaskox in Ales v. Ales, allowing parents to sue their children in the context of automobile negligence. 650 So.2d 482 (Miss.1995). The reasons I dissented in Glaskox and Ales are equally valid today as the American family continues to disintegrate. In my view it is no argument whatsoever to aver that the true defendant in these cases is usually an insurance company, because such an argument tacitly admits that the majority of these suits are collusive in nature, as was noted in the early case of Dennis v. Walker:
The result is said to be that most actions for personal injuries are actually defended by counsel for an insurance company and in fact the very bringing of such an action is frequently motivated by the existence of such insurance.
The last argument, however, is a double edged sword. It is indeed a fact that a great majority of actions for personal injuries, especially those arising out of automobile accidents, are defended by counsel for liability insurance companies and involve cases covered by liability insurance. This very fact, however, is an argument against the abolition of the principle of immunity. The presence of liability insurance in such instances may lead to fraud, or at least collusive, or at best friendly suits. A par *121 ent may encourage his minor child to bring such an action against him. This is not a far-fetched possibility. Not only is it contrary to good faith but it also has the tendency of promoting cynicism and lack of integrity on the part of the child. The law should not encourage such activities.
Dennis v. Walker, 284 F.Supp. 413, 417 (D.D.C.1968).
¶15. Encouraging such moral turpitude does no less violence to the harmony of the family unit than truly hostile suits between parent and child. Accordingly, I would reverse Glaskox and Ales outright. At the very least, this Court should limit the retro-activity of Glaskox to those decisions “pending review at the time of the Glaskox decision” as per Ales. Ales, 650 So.2d at 486.